IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VINCENT VARNEY, | : | |
| Plaintiff | : | Civil Action 2:09-cv-576 |
| v. | : | Judge Frost |
| TERRY COLLINS, | : | Magistrate Judge Abel |
| Defendant | : | |

**REPORT AND RECOMMENDATION**

Vincent Varney ("Varney") is a prisoner incarcerated at the Ross Correctional Institution. He has brought suit, pursuant to 42 U.S.C. §1983, against Terry Collins ("Collins"), the Director of the Ohio Department of Rehabilitation and Correction ("ODRC"), and various other members of the Ohio Adult Parole Authority. Varney was convicted in 1993 of attempted murder, kidnapping, and rape, and sentenced to a term of imprisonment. In 1996, the Ohio General Assembly enacted new statutes modifying Ohio's parole laws and modifying prisoners' eligibility for parole. Plaintiff claims that the retroactive application of the new parole guidelines to him is an unconstitutional *ex post facto* law violative of his right to due process under the Fourteenth Amendment to the United States Constitution. He also claims that the new statutes violate his rights to substantive and procedural due process by permitting the victims of crime and their family

1

members involvement in the parole process, denying prisoners the right to appear and be heard at a parole board hearing, and wrongfully increasing his minimum sentence. He seeks declaratory and injunctive relief, including a new parole hearing utilizing the former guidelines.

Defendant Terry Collins has now filed a motion for judgment on the pleadings (Doc. 10). He asserts that "[c]onspicuously absent from Plaintiff's Complaint is any reference to Director Collins. Without specific allegations directed at Director Collins regarding his direct involvement in any alleged constitutional deprivation, Plaintiff fails to state a claim against Director Collins." (Doc. 10 at 2.) Collins also argues that Plaintiff's claim, to the extent that it might be based upon a theory of *respondeat superior*, is barred as a matter of law. Plaintiff did not oppose the motion.

A motion for judgment on the pleadings may be made "[a]fter the pleadings are closed but within such time as not to delay the trial." Fed. R. Civ. Pro. 12(c). Where, as here, such motion is based on the argument that the complaint fails to state a claim upon which relief may be granted, it is judged under the same standard of review as a Rule 12(b)(6) motion. *Curcio Webb LLC v. National Benefit Programs Agency, Inc.*, 367 F.Supp.2d 1191, 1195), citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1997). When deciding such a motion, the Court will "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determinate whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle

relief." *Aho v. Cleveland-Cliffs, Inc.*, 219 Fed.Appx. 419, 422 (6th Cir. 2007), quoting *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). *See also Cincinnati Ins. Co. v. Beazer Homes Investments, LLC*, 594 F.3d 441, 444 (6th Cir. 2010).

The Court finds that Plaintiff has stated a claim against Collins, albeit one of limited scope. His complaint contains no explicit reference to Collins; "Defendants" are always referred to collectively, and Plaintiff's references to "Defendants" seem generally to refer to the Ohio Adult Parole Authority. However, his second claim alleges that O.R.C. §5149.10 violates his constitutional rights to substantive and procedural due process, and in his prayer for relief Plaintiff requests that "[t]his Court issues an injunction for Defendants to cease and desist any further implementations of the above cited statutes". (Doc. 3 at 10.)

O.R.C. §5149.10, the statute Plaintiff challenges, establishes Ohio's parole board. §5149.10(B), which Plaintiff quotes, provides that "[t]he director of rehabilitation and correction, in consultation with the governor, shall appoint one member of the board, who shall be a person who has been a victim of crime or who is a member of a victim's family or who represents an organization that advocates for the rights of victims of crime." Plaintiff argues that the statutorily-mandated presence of "victims of crimes, family members of victims of crimes, and/or members of victims rights groups" on the Ohio parole board denies him an impartial tribunal. His claim, therefore, appears to be that Collins, in exercising his statutory duty under §5149.10(B) to appoint such a person, would be violating his civil rights; the relief requested is directed in part against Collins, to enjoin Collins from making

3

such appointment. This is a legally cognizable claim under 42 U.S.C. §1983.

Accordingly, I **RECOMMEND** that the motion of Defendant Terry Collins for judgment on the pleadings (Doc. 10) be **DENIED**.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the party thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgement of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.3d 15, 16 (2d Cir. 1989).

        s/Mark R. Abel
        United States Magistrate Judge