IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


VINCENT VARNEY,                           :

                    Plaintiff            :        Civil Action 2:09-cv-576

        v.                                :        Judge Frost

TERRY COLLINS, *et al.*,                  :        Magistrate Judge Abel

                    Defendants.          :


## ORDER

**Motion to stay**.

        Defendant Terry Collins ("Collins") has filed a motion to stay discovery (Doc.

11).  He requests that the Court stay all discovery requests directed to him pending

the Court's resolution of his motion for judgment on the pleadings (Doc. 10).  That

motion argued that Plaintiff had failed to state a cognizable claim against him.

Defendant asserts that "Plaintiff's discovery requests will not yield facts or other

information germane to opposing the MJOP".  (Doc. 11 at 2.)

        In the contemporaneous report and recommendation on that motion, I found

that Plaintiff had stated a claim against Defendant, though that claim was simply

for violation of Plaintiff's constitutional rights by exercising his statutory authority

under O.R.C. §5149.10(B).  A protective order staying discovery as to Collins is

inappropriate, and Defendant's motion (Doc. 11) is accordingly **DENIED**.  However,

Collins is still free to object to discovery requests, or to otherwise request relief

under Fed.R. Civ. Pro. 26, to the extent that discovery sought is irrelevant to

Plaintiff's claims against him.

**Motion to strike**.

Defendants filed an answer in this action (Doc. 7), asserting numerous affirmative defenses, including:

> • failure to state a claim upon which relief can be granted;
>
> • limits to injunctive and attorney fees recoverable under PLRA;
>
> • claim preclusion, issue preclusion, or both;
>
> • "Plaintiff's claims are barred, in whole or in part, by acts or omissions not under the control of any Defendant, to include, but not limited to, Plaintiff's own actions or failures to act, in either whole or in part";
>
> • qualified immunity, to the extent that Plaintiff intends to seek any monetary damages;
>
> • laches;
>
> • statute of limitations;
>
> • immunity, including but not limited to Eleventh Amendment immunity, quasi-judicial immunity, and qualified privilege.

Defendants also demanded a jury trial "[t]o the extent Plaintiff asserts any claims for which a jury trial is available." (Doc. 7 at 2.) Plaintiff has filed a motion pursuant to Fed. R. Civ. Pro. 12(f) to strike certain defenses as insufficient (Doc. 9). Defendants have not opposed this motion.

Plaintiff asserts, with respect to claim/issue preclusion, statute of limitations, and laches, simply that these defenses are "without merit" and should be stricken.

This may or may not be the case, but Plaintiff has offered no argument as to why this is so. He also asserts, correctly, that Defendants "assert a defense in the style of a motion to dismiss", but argues that *Dotson v. Collins*, 317 Fed.Appx. 439 (6th Cir. 2008) bars the filing of a Fed. R. Civ. Pro. 12(b)(6) motion in a case alleging an *ex post facto* violation. This is, he argues, because discovery on such claims is necessary, and such discovery would necessarily become "matters outside the pleadings" turning the motion, under Rule 12(d), into one for summary judgment instead.

Plaintiff is mistaken. The *Dotson* court found that the plaintiff in that case had, in challenging the implementation of new parole guidelines, sufficiently stated a claim under 42 U.S.C. §1983. *Id.* at 442. The authority of *Dotson* would apply, were Defendants to file a Rule 12(b)(6) motion directly challenging the nature of the claim Plaintiff has brought. However, the Court cannot say at this time that there are no *other* grounds upon which Defendants might file such a motion to dismiss. This defense is not therefore clearly insufficient as pled. Moreover, *Dotson* does not, contrary to Plaintiff's assertion, establish any kind of discovery mandate. Plaintiff similarly argues that *Dotson* obviates Defendants' "assertions and defense of *Respondeat Superior*", but *respondeat superior* is not a defense, and Defendants in any case do not mention the theory.

Plaintiff asserts, in addition, that Defendants' assertion of qualified immunity is insufficient because Plaintiff is not suing them in their individual capacity and has not requested monetary damages. Plaintiff correctly describes his

complaint.  However, Defendants have asserted this defense only "[t]o the extent Plaintiff intends to seek any monetary damages".  It is therefore ineffective and superfluous, but not wrong as a matter of law.  Likewise, Plaintiff claims that Defendants' demand for a jury trial is erroneous, but Defendants have again only demanded a jury "[t]o the extent Plaintiff asserts any claims for which a jury trial is available."

Accordingly, the Court finds that Defendants' affirmative defenses are not insufficient as a matter of law.  It does not find that any of Defendants' affirmative defenses are valid or effective.  It merely finds that they are not obviously erroneous.  Plaintiff's motion to strike (Doc. 9) is accordingly **DENIED**.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P. and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel_____
United States Magistrate Judge