IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Vincent Varney, | : | |
| Plaintiff | : | Civil Action 2:09-cv-576 |
| v. | : | Judge Frost |
| Gary Mohr, *et al.*, | : | Magistrate Judge Abel |
| Defendants. | : | |

**OPINION AND ORDER**

Plaintiff originally filed this action on July 13, 2009, alleging that Defendants, who comprise the director of the Ohio Department of Rehabilitation and Correction ("ODRC")[1] and the members of the Ohio Adult Parole Authority ("OAPA"), applied new parole guidelines which were unconstitutional as an ex post facto law and violative of due process of law.  On September 1, 2010, the Magistrate Judge issued a Report and Recommendation recommending that Defendants' motion for summary judgment on these claims be granted.  On September 8, 2010, however, the Magistrate Judge granted Plaintiff leave to supplement his complaint to add a claim that Defendants had instituted a clandestine racial balancing policy which discriminated against white prisoners.  On November 3, 2010, the Court

---

[1] Gary Mohr is substituted in place of former director Terry Collins pursuant to Fed. R. Civ. P. 25(d).  Plaintiff brought suit against all parties in their official capacities.  (Doc. 3 at 1-2.)

adopted the Report and Recommendation and granted Defendants summary judgment on Plaintiff's original claims. This matter is now before the Court pursuant to Defendants' second motion for summary judgment (Doc. 56).

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388-89 (6th Cir. 1993). To avoid summary judgment, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *accord Moore v. Philip Morris Cos.*, 8 F.3d 335, 340 (6th Cir. 1993). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970); *see Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (concluding that the court must draw all reasonable inferences

in favor of the nonmoving party and must refrain from making credibility determinations or weighing evidence). In responding to a motion for summary judgment, however, the nonmoving party "may not rest upon its mere allegations [...] but [...] must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see *Celotex*, 477 U.S. at 324. Furthermore, the existence of a mere scintilla of evidence in support of the nonmoving party's position will not be sufficient; there must be evidence on which the jury reasonably could find for the nonmoving party. *Anderson*, 477 U.S. at 251; see *Matsushita*, 475 U.S. at 587-88 (finding reliance upon mere allegations, conjecture, or implausible inferences to be insufficient to survive summary judgment).

Where, as here, a party fails to respond to a motion for summary judgment, a Court's reliance on the facts offered by the movant is proper and sufficient. The facts presented and designated by the moving party become the facts at hand to be dealt with by the trial court; the Court is not obligated to search the record *sua sponte* for more. *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404 (6th Cir. 1992).

The Court previously, in granting Plaintiff leave to supplement his complaint over Defendants' objections, found that Plaintiff had successfully stated a claim for race discrimination in the granting of parole. (Doc. 49 at 4-5.) In his supplemental complaint, Plaintiff alleged:

> 19) The next claim to be supplemented involves a clandestine racial balancing policy, practice or procedure, drafted and implemented by Defendants, in violation of the Equal Protection

3

        Clause.  This policy invidiously discriminates against Caucasian/White prisoners.

[...]

21)    All Plaintiffs herein, have been incarcerated for approximately twenty (20) years.  All Plaintiffs have recently realized that more African-American/Black inmates are being paroled than Caucasian/White inmates.

22)    Plaintiffs have also noticed that more African-American/Black sex offenders, with the same or even more heinous crimes as compared to Plaintiffs, were being paroled.  Some, were convicted as serial rapists.

[...]

26)    It is also a statistical fact that Caucasian/White prisoners are actually the minority.  There are more African-American/Black prisoners than white.

27)    Plaintiffs, over these recent years noticing Black prisoners were being more frequently paroled than White, learned from various sources that the reason for this was because of racial balance.

[...]

37)    Plaintiffs allege Defendants have implemented and, continue to use a clandestine racial balancing policy.

38)    Said policy invidiously discriminates in favor of African-American prisoners receiving paroles over Caucasian prisoners.

(Doc. 32-1 at 3-6.)  The Court found these allegations adequate to form the basis for a claim that Defendants had violated the Equal Protection Clause.  (Doc. 49 at 5.)

The Equal Protection Clause prohibits a state from discriminating against prisoners because of race, absent some showing of compelling state interest.  As one court, addressing a similar claim of discriminatory practice in Ohio's parole system, explained:

    To succeed on a claim challenging a parole release decision and the

>broad discretion afforded the Parole Authority for purposes of establishing a violation of equal protection, a complaining party must show "exceptionally clear proof" that the board abused its discretion. *McCleskey v. Kemp*, 481 U.S. 279, 297, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987).  Specifically, the prisoner must show "purposeful discrimination" and then establish that the discrimination had a discriminatory effect on him.  *Id.* at 292.  Accordingly, an equal protection plaintiff cannot prevail if the defendants have legitimate, nondiscriminatory reasons for their actions.  *Hunter v. Underwood*, 471 U.S. 222, 227-28, 105 S.Ct. 1916, 85 L.Ed.2d 222 (1985) (citing *Village of Arlington Heights* [*v. Metropolitan Housing Dev. Corp.*], 429 U.S. [252] at 265, stating that "[p]roof of racially discriminatory intent or purpose is required to show a violating of the Equal Protection Clause.").

*Nedea v. Voinovich*, 994 F.Supp. 910, 916 (N.D. Ohio 1998).

Defendants here have supplied an affidavit from Cynthia Mauser, chairwoman of the Ohio Parole Board ("Board"), which refutes Plaintiff's allegations of a clandestine racial balancing policy.  (Doc. 56-1.)  In it, Ms. Mauser stated that the members of the Board consider, in making parole decisions, only the mandatory factors set forth in O.A.C. §5120:1-1-7, and do not consider race when determining an inmate's suitability for parole.  She further testified that she had reviewed Plaintiff's parole records, and that the Board had, at Plaintiff's most recent hearing, denied him parole on grounds that his release would not further the interests of justice or be consistent with the welfare and security of society.  (*Id.* at 2.)  Her affidavit was accompanied by a copy of the Board's decision:

>I/m and co-defendant raped and sodomized an adult female victim who was leaving the library at a local university.  Offenders pulled the victim over as they had flashing lights on their car.  Victim assumed they were police officers and stopped her car (co-def was Deputy Sheriff).  They raped and sodomized her, then both offenders shot her.  This inmate was convicted of Att. Murder, Rape and Kidnapping.  To

5

> release him at this time would demean the seriousness of these
> offenses and would place society at high risk for harm.

(*Id.* at 4.)

Plaintiff offered no response to Defendants' motion for summary judgment. If a party fails to properly address another party's assertion of fact as required by Fed. R. Civ. P. 56(c), a federal court may "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it". Fed. R. Civ. P. 56(e)(3). Plaintiff has not shown "exceptionally clear proof" – or any kind of evidence at all – that the Ohio Parole Board abused its discretion in refusing to grant him parole at his most recent hearing. Plaintiff has not made any showing to support his allegations of racial discrimination, or to refute a conclusion that the grounds cited by the Board were its real reasons for denying him parole. *Nedea*, 994 F.Supp. at 917. Accordingly, the Court finds that there is no genuine issue of material fact as to whether a clandestine racial balancing policy exists to which the Ohio Parole Board gives any weight or deference. It furthermore finds that Defendants had legitimate, nondiscriminatory reasons for their actions in denying Plaintiff parole.

Defendants' motion for summary judgment is **GRANTED**. The Clerk of Court is **DIRECTED** to enter judgment in favor of the Defendants, and to close this case.

    /s/ Gregory L. Frost
United States District Judge